IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LESTER R. ROBINSON,

    Plaintiff,

v.                                              Civil Action No. 3:18CV434

SGT. WHITEHEAD, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Lester R. Robinson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Robinson's Second Particularized Complaint ("Complaint," ECF No. 12) against Defendants Sgt. Whitehead, Officer Tirinado, and Lt. Ward.[2] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth, the action will be DISMISSED for failure to state a claim except for the excessive force claim against Defendants Whitehead and Tirinado.

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the spelling, punctuation, and capitalization in the quotations from Robinson's Complaint. It appears from Robinson's submissions that "Lgt Ward" is a lieutenant, and the Court changes the spelling to "Lt. Ward."

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or

a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

In his Complaint, Robinson provides the following summary of his claims:

> At 10:48, I just finished stopping a gang from bullying a gay guy. Discrimination and intimidation was at full effect at that moment. I thought Sgt. Whitehead could come and assist me with the matter that I honestly prevented.
> Its Ramadan holy time for us Muslims. Mr. Whitehead commanded me to come down the steps very rudely. I ask him to please come up the steps that leads straight to my room that I was three cell rooms down in front of the steps. Now rumor has it that [he is an] abusive officer. I was not trying to test him nor did I believe in rumors unless I see [them] firsthand.
> Sgt. Whitehead ran up the steps and ordered me to get down on the floor, reaching for his pepper-spray. Sgt. Whitehead's body weight [is] eas[ily] 280 and I weight about 185 as he pins his knee on my face and neck with the other knee on my spine.

3

I'm positively sure this was on camera. I was already handcuffed from behind, I push saying, sir this excessive force is not necessary. Sgt. Whitehead decide to pick me up out of impulse 3ft in [the] air and then power drive me down to the ground of the hard concrete using the pressure point of his body against mine in front of Officer [Tirinado]. Blood came out of my gums in a nice puddle to fill about half of a cup 8oz water about 4oz violating my Eighth Amendment right, maliciously assaulting me and failure to protect.

I went to surgery because he crushed my jaw [on the] right side that was broken before 20 years ago which the date of surgery was 10-16-2018. I received three bogus charges 154 Failure to Follow Rules, they did an illegal body search, and did search my private possessions in front of me, my roommate, and violated my Fourteenth Amendment rights.

I was found guilty on appeal and was held past my release date because the Administration abused their authority by not responding to none of my request, complaints, as well as grievances and appeals professionally and correctly. . . .

My documents was not return back with an answer not one.

(Compl. 1–2.)

### III. ANALYSIS

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [demonstrate] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). Robinson fails to name Lt. Ward in the body of his Complaint and fails to allege facts indicating that Lt. Ward personally participated in any violation of his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))). Thus, any claim against Lt. Ward will be DISMISSED WITHOUT PREJUDICE.

Next, Robinson complains of "bogus charges" against him, searches of his property and person, and unanswered grievances in violation of the Fourteenth Amendment. Robinson fails to allege facts indicating that either of the remaining named defendants, Sgt. Whitehead or Officer Tirinado, were personally involved in the deprivation of his Fourteenth Amendment rights with respect to these allegations. Thus, to the extent that Robinson alleges a violation of his Fourteenth Amendment rights with respect to his institutional charges or grievances, these claims will be DISMISSED WITHOUT PREJUDICE.

Finally, Robinson argues that Sgt. Whitehead and Officer Tirinado used excessive force against him in violation of the Eighth Amendment.[3] Based on the facts provided in his Complaint, Robinson has sufficiently alleged a claim of excessive force to survive screening under § 1915. However, there are two problems with allowing the Complaint to proceed at this juncture. First, it is unclear whether Robinson was a pretrial detainee at the time of the alleged excessive force or if he was a convicted defendant. If Robinson was a pretrial detainee, his claim would be properly brought under the excessive force clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013) (citation omitted). Second, Robinson has failed to include a prayer for relief in his Complaint. Accordingly, before the Court will allow Robinson's remaining excessive force claim to proceed beyond the screening stage, Robinson must (1) identify whether he was a pretrial detainee at the time of the alleged excessive force, and (2) submit a prayer for relief to the Court.

---

[3] Although Robinson indicates that Sgt. Whitehead "violat[ed] my Eighth Amendment right maliciously assaulting me and failure to protect." (Compl. 2.) Robinson fails to allege facts that plausibly suggest a claim that Sgt. Whitehead failed to protect him in his Complaint.

## III. CONCLUSION

Robinson's claims against Lgt. Ward will be DISMISSED WITHOUT PREJUDICE. Robinson's Fourteenth Amendment claims will be DISMISSED WITHOUT PREJUDICE. Only the following claim remains:

> Claim One: Sgt. Whitehead and Officer Tirinado used excessive force against Robinson in violation of either the Fourteenth or Eighth Amendment.

Nevertheless, as explained above, Robinson fails to indicate whether he was a pretrial detainee or a convicted inmate and fails to include a prayer for relief in his Complaint. Accordingly, within eleven (11) days of the date of entry hereof, Robinson will be DIRECTED to file a prayer for relief for Claim One, and also indicate in that submission whether he was a pretrial detainee or convicted felon at the time of the incident. If Robinson fails to submit the required information within eleven days of the date of entry hereof, the Court will dismiss the remaining portion of the action.

An appropriate Order will accompany this Memorandum Opinion.

Date: 19 March 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge